11-272-ag
Pan v. Holder

BIA
Videla, IJ
A099 592 233

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand twelve.

PRESENT:
      DENNIS JACOBS,
         *Chief Judge,*
      PETER W. HALL,
      GERARD E. LYNCH,
         *Circuit Judges.*

_____

CHUAN SONG PAN,
      *Petitioner,*

      v.                    11-272-ag
                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Yee Ling Poon, Robert Duk-Hwan Kim, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Colette J. Winston, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chuan Song Pan, a native and citizen of the People's Republic of China, seeks review of a December 29, 2010, order of the BIA affirming the February 19, 2009, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chuan Song Pan*, No. A099 592 233 (B.I.A. Dec. 29, 2010), *aff'g* No. A099 592 233 (Immig. Ct. N.Y. City Feb. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The only issue before us is the agency's finding regarding past persecution.

In *Shi Liang Lin v. U.S. Dep't of Justice*, this Court determined that, under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d 296, 308 (2d Cir. 2007); *see also In re. J-S-*, 24 I. & N. Dec. 520, 536-37 (A.G. 2008) (adopting this court's holding in *Shi Liang Lin*). In order to establish eligibility for relief, Pan must show "other resistance to a coercive population control program," and must show that as a result of that resistance, he was persecuted. 8 U.S.C. § 1101(a)(42); *see also Shi Liang Lin*, 494 F.3d at 309-10. The agency did not err in finding that Pan did not establish persecution based on the threat of sterilization, a brief detention, a fine of 3000 RMB, and the confiscation of his furniture.

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *In re. Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Economic harm may constitute persecution; however, "an applicant for asylum must

2

demonstrate a severe economic disadvantage." *In re. T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007). Here, the agency addressed the cumulative harassment described by Pan, and reasonably found that it was insufficiently severe to constitute persecution. *See Manzur v. DHS*, 494 F.3d 281, 290 (2d Cir. 2007); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Pan presented no evidence to suggest that the one fine he was forced to pay, or the confiscation of his furniture, caused him severe economic disadvantage, nor did he present any evidence indicating that he suffered harm from his brief detention by family planning officials. *See Ivanishvili*, 433 F.3d at 341.

Because the agency reasonably concluded that Pan did not establish past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, Pan makes no argument concerning a fear of future persecution independent from the incidents that occurred in the past. Because Pan did not demonstrate past persecution, or a well-founded fear of future persecution, the agency did not err in denying his application for asylum. *See* 8 C.F.R. § 1208.13(b). Moreover, because Pan did not establish a well-founded fear of persecution, he necessarily cannot meet the more difficult burden of showing it is more likely than not he will be persecuted if he returns to China, and thus, the agency did not err in denying his application for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3